UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CLYDE HENIX,

        Petitioner,               Case Number: 12-13359

v.                                HONORABLE TERRENCE G. BERG

LLOYD RAPELJE,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner William Clyde Henix filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is a prisoner in the Michigan Department of Corrections serving a sentence for first-degree home invasion. Petitioner claims his trial attorney provided ineffective assistance of counsel in violation of his constitutional rights. Respondent contends that this claim is without merit. The Court finds that habeas relief is not warranted, and therefore denies the petition.

### I. Background

Petitioner was convicted of invading the home of Josephine and Hodges Haynes in Buena Vista, Michigan. Josephine testified that at approximately 1:20 a.m. on March 14, 2010, she was awakened by a strange noise in the garage. She called 911 and awakened her husband. She looked out her living room window toward the garage and saw someone walk into the garage. Josephine saw a

medium-sized silver or white sedan parked in the driveway.

Hodges armed himself with a gun and stood in the kitchen. He observed that the person who had entered the garage was kicking at the door between the kitchen and garage. Hodges saw the door move and thought it was going to come off the frame. Then, the intruder stopped kicking the door and Josephine saw him leave the garage and enter the vehicle parked in the driveway. Josephine was not wearing her glasses so she was unable to identify the intruder, but was able to describe the intruder as a black male, approximately five-feet, six inches tall, and wearing a light-brown jacket and a light-colored baseball cap.

Police officer Todd Brow testified that he was approximately two miles from the Haynes' home when he received a report of a home invasion. He observed a Chevrolet Impala leave the Haynes' driveway. The vehicle approached the intersection where Officer Brow was stopped. The officer could see the driver and described him as a black male with a mustache and wearing a baseball cap. Officer Brow recorded the license plate of the vehicle. Officer Brow and police officer Ken Bleuw then located the vehicle outside a home a short distance from the site of the home invasion. Officer Bleuw felt the car's hood, and noted that it was warm. The officers knocked on the front door and announced themselves as police. They continued to do so for three to five minutes. Eventually, Officer Bleuw kicked the front door open.

When the police entered the home, Petitioner came out of the bedroom. A woman, Markeitha Watson, stood between the living room and bedroom. In the

bedroom, police found a yellow and purple Los Angeles Lakers jacket and a pair of white and purple tennis shoes. Near the shoes, they found a bag of green, leafy substance that tested positive for marijuana. After advising Petitioner of his *Miranda* rights, Officer Bleuw questioned Petitioner. Petitioner initially claimed to have run errands with Markeitha Watson during the relevant time. After Officer Bleuw told Petitioner he found his story unbelievable, Petitioner stated that he ran the errands alone. When questioned further, Petitioner claimed he drove his cousin to an apartment and then returned home. Finally, Petitioner claimed that he received a call from his cousin who had "hit a lick" and needed a ride. Petitioner said he drove to the general area indicated by his cousin and stopped in some driveways, getting out of the car to look for his cousin.

Petitioner was charged in Saginaw County Circuit Court with first-degree home invasion and possession of marijuana. A jury convicted him of first-degree home invasion and acquitted him of the marijuana charge. Petitioner was sentenced on October 14, 2010, to 125 months to 30 years in prison. The Michigan Court of Appeals provided a factual overview of the case, which is presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd*, 41 F. App'x 730 (6th Cir. 2002), as follows:

> As someone attempted to kick in the door between her kitchen and garage, one of the occupants of the invaded home saw a medium-sized car that she believed was either white or silver parked in her driveway. When the intruder escaped to his car, she saw that he was a black male wearing a baseball cap and jacket. As he backed out of the driveway, the victim saw a police vehicle pass the intruder's vehicle. The officer driving the police vehicle, who was responding to a 911 call from the residence,

saw a 2000 to 2004 Chevrolet Impala pull out of the driveway as he arrived. As the vehicle passed him, the officer observed the other driver for approximately five to ten seconds; he described the person as a black male, "20 to 30, maybe a little older," with a mustache, flat-billed baseball hat, and coat with fold-down collar. At trial, the officer identified the driver as defendant. The officer traced the license number of the vehicle to the address where defendant was apprehended [Markeitha Watson's home]. In a recorded conversation during a jail visit with his parents, defendant told them, "I beat that home invasion, it was me, I beat that."

*Henix*, 2012 WL 77008 at *2.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising a claim that he was denied the effective assistance of counsel because: (i) counsel failed to move to suppress the fruits of a warrantless search; and (ii) counsel failed to introduce evidence that Petitioner lived a short distance from the site of the break-in. The Michigan Court of Appeals held that trial counsel's decision not to present evidence about where Petitioner lived was a reasonable one and, even if it was not, Petitioner failed to establish he was prejudiced by the absence of this evidence. In addition, the Michigan Court of Appeals held that counsel was not ineffective in failing to file a motion to suppress because the warrantless search fell within the exigent-circumstances exception to the warrant requirement and any objection would have been futile. *See People v. Henix*, No. 301618, 2012 WL 77008 (Mich. Ct. App. Jan. 10, 2012).

Petitioner sought leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court affirmed the holding of the Michigan Court of Appeals that the defendant failed to demonstrate that counsel was ineffective. The Michigan Supreme Court vacated as unnecessary the portion of the Court of

Appeals judgment relating to the warrantless search, since the weight and strength of the untainted evidence presented at trial precluded the defendant from demonstrating a reasonable probability that, even if trial counsel had filed a motion to suppress, the result of the proceeding would have been different. *See People v. Henix*, 491 Mich. 939 (2012).

Petitioner then filed the pending petition. He raises the same ineffective assistance of counsel claims raised in state court.

## II. Standard

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520–21 (quoting

*Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotation marks omitted)). Additionally, this Court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405–06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law. Under that language, "a federal habeas court may grant the writ if the state court

6

identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. The Supreme Court has continued to emphasize the limited nature of this review. In its recent unanimous decision in *Harrington v. Richter*, 131 S.Ct. 770 (2011), the Court reiterated that the AEDPA requires federal habeas courts to review state court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 785–86 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than de novo review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt. *See Renico v. Lett*, 559 U.S. 766, 777 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached" (internal quotation marks and citations omitted)); *see also Bray v. Andrews*, 640 F.3d 731, 737–39 (6th

Cir. 2011); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493–94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594–95 (6th Cir.2008); *Davis v. Coyle*, 475 F.3d 761, 766–67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

### III. Discussion

Petitioner argues that his trial attorney was ineffective in two respects: (i) failing to move to suppress the fruits of a warrantless search; and (ii) failing to present evidence that he lived near the site of the home invasion, providing a non-inculpatory explanation for his presence in the area.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Id.* at 694.  A court's review of counsel's performance must be "highly deferential." *Id.* at 689.  Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*.  See *Knowles v. Mirzayance*, 556 U.S. 111, 122–23 (2009).  "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id.* at 123 (internal quotation marks omitted).

     Petitioner argues, first, that his attorney was ineffective in failing to move to suppress physical evidence obtained from a warrantless search of the house and his incriminating statements to police during questioning.  The Michigan Supreme Court affirmed the holding of the Michigan Court of Appeals that Petitioner could not establish that his trial attorney was ineffective in failing to so move because "considering the weight and strength of the untainted evidence presented at trial, the defendant cannot demonstrate a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Henix*, 491 Mich. at 939.  The Michigan Court of Appeals cited the following evidence in finding no prejudice to Petitioner: a police officer testified that he observed the driver of the vehicle fleeing the scene of the home invasion for approximately five to ten seconds, and, at trial, identified Petitioner as the driver; Petitioner was apprehended at the home to which the license plate of the vehicle he was driving was registered; and Petitioner was recorded telling his parents that he perpetrated a home invasion.

*See Henix*, 2012 WL 77008 at *2.

Although the Supreme Court in *Strickland* discussed the performance prong of an ineffectiveness claim before the prejudice prong, the Court made clear that "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. The Supreme Court instructed that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* In the case at bar, the Court concludes that it is easier to address the prejudice prong first.

The physical evidence that Petitioner argues his attorney should have moved to suppress was a yellow and purple Los Angeles Lakers jacket, a pair of white and purple tennis shoes, and a bag filled with marijuana. Petitioner was acquitted of the marijuana charge. Therefore, he clearly cannot establish any prejudice from counsel's failure to move to suppress the marijuana. Similarly, the seizure of the jacket and tennis shoes did not prejudice Petitioner. No evidence was presented at trial to show that the perpetrator was dressed in clothes matching those found at the home. One of the homeowners testified that the perpetrator wore a light-brown jacket and a baseball cap. The police officer who identified Petitioner at trial as the person he saw fleeing the residence described the perpetrator as wearing a baseball cap and dark coat. The jacket and shoes found at the home rendered it neither less likely nor more likely that Petitioner was the perpetrator. Thus, Petitioner cannot

10

show he was prejudiced by the seizure of the jacket and the baseball cap.

Petitioner also argues that his attorney was ineffective in failing to move to suppress statements he made to police at Watson's home. Petitioner, after being advised of his rights under *Miranda*, submitted to questioning by the police. He did not admit any culpability in the home invasion, but he gave police several different stories concerning his whereabouts at the time of the home invasion. Ultimately, Petitioner implicated his cousin in the home invasion. The admission of these statements likely cast some suspicion on Petitioner simply based upon the evolving and inconsistent stories he told police. But, the state court's finding that there was no reasonable probability that excluding this evidence would have led to a different result is not an unreasonable application of *Strickland* in light of the other, properly admitted evidence establishing Petitioner's guilt.

Finally, Petitioner claims that his trial attorney was ineffective in failing to introduce evidence that he lived one-half mile from the site of the home invasion. The Michigan Court of Appeals concluded:

> The proximity of defendant's residence to the scene of the crime would have had little value, and certainly would not have presented a substantial defense to the charge, given the extensive evidence tending to establish defendant's guilt. Indeed, that defendant resided close to the scene of the crime could reasonably have been determined to be more prejudicial than helpful in this case. Trial counsel was within his discretion in declining to present this evidence.

*Henix*, 2012 WL 770088, at * 2.

While a strategic decision may be the basis for an ineffective-assistance-of-counsel claim if it is "so ill-chosen that it permeates the

entire trial with obvious unfairness," *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001), the decision in this case not to introduce evidence about where Petitioner lived clearly did not permeate the trial with unfairness. Admission of this information could have provided Petitioner with an innocent reason for being in the area, but the jury just as easily may have concluded that Petitioner's close proximity to the crime scene provided him a motive and opportunity to commit the crime. Under these circumstances, it was not unreasonable for the state court to find counsel was not ineffective for failing to present this evidence.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

The Court finds that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be

granted, and denies a certificate of appealability.

## V.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

                                        s/Terrence G. Berg
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE

Dated: August 28, 2013

## Certificate of Service

I hereby certify that this Order was electronically submitted on August 28, 2013, using the CM/ECF system, and that a copy was mailed to Petitioner.

                                        s/A. Chubb
                                        Case Manager